STEVEN G. KALAR
Federal Public Defender
Northern District of California
DAVID RIZK
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706
Email: david_rizk@fd.org

Counsel for Defendant LEE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN LEE,<br><br>　　　　Defendant. | **Case No.:** CR 19-00419 SI<br><br>**REPLY TO MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582** |

Defendant John Lee respectfully submits this brief reply for the Court's consideration to address a few points raised in the government's opposition:

*First*, there is certainly no reason to defer longer to the Bureau of Prisons (BOP) regarding home confinement. It has been over a month and a half since BOP was ordered by Attorney General Barr to immediately begin reviewing inmates for home confinement eligibility in view of the coronavirus pandemic, and yet there has been no movement in this case. Mr. Lee himself requested home confinement a month ago, and still has not even received a response. Given the government's representation that BOP is unable to even evaluate Mr. Lee for compassionate release because he is not in their custody, the Court should not hesitate to act. It is quite clear that BOP is unable or unwilling to do so.

*Second*, Mr. Lee has met his burden. The government's claim that documentation is required to support Mr. Lee's motion is without any support. Santa Rita never screened Mr. Lee for asthma, and he received the inhaler only upon request at pill count. Mr. Lee and his wife have offered detailed, sworn declarations about his asthma, and he is happy to answer the Court's questions at the hearing. The government has no reason to doubt their testimony. To the extent the government suggests otherwise, an expert certainly isn't necessary to establish that Mr. Lee's symptoms—daily wheezing, interrupted sleep—are consistent with those of moderate to severe asthma. Finally, although the government attempts to make much of it, Mr. Lee simply did not consider his asthma to be a major health issue the Court should be aware of when he was interviewed by Probation, so he did not mention it. That is unsurprising, it happens all the time, and it does not undermine his claim given the record.

*Third*, the government appears to misunderstand smoking-induced immunodeficiency. Secondary immunodeficiency is not like HIV or other diagnosable immunodeficiency diseases; it is simply an impaired immune response of the respiratory system due to smoking. There is no doubt Mr. Lee is a longtime smoker, and the cited research from UCSF shows that smoking doubles the odds that the coronavirus disease will progress, leading to serious illness. The CDC also advises immunocompromised smokers are at risk.

1

MOTION TO REDUCE SENTENCE
LEE, CR 19-00419 SI

*Fourth* and finally, the government's assertion that Santa Rita Jail is capable of caring for Mr. Lee is not well founded. The risks to inmates in custodial environments are well documented, and indicated at Santa Rita by the scope of ongoing quarantines there, encompassing dozens of units and pods. Over fifty inmates have already tested positive (including two more since Mr. Lee filed his motion). There can be no serious doubt that Mr. Lee would be safer at home with his family, than in a pod with scores of other inmates coming and going, where sanitation is poor, space is tight, and deputies have already inadvertently potentially exposed the unit at least once. Lastly, the government argues that Mr. Lee has not shown "that Santa Rita is unable to administer appropriate treatment if he contracts COVID-19 while in custody." ECF No. 41 at 7. This completely misses the point. The danger of the coronavirus is that there is no reliable treatment for it. If Mr. Lee gets sick, it may be too late, no matter what care Santa Rita provides—especially given his risk factors. That is why he should be released, *to avoid getting sick*.

For the foregoing reasons, Mr. Lee respectfully requests that the Court grant his motion for compassionate release.

Respectfully submitted,

May 14, 2020  
Date

STEVEN G. KALAR  
Federal Public Defender  
Northern District of California

       /S  
DAVID RIZK  
Assistant Federal Public Defender

2

MOTION TO REDUCE SENTENCE  
LEE, CR 19-00419 SI