UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN LEE,<br><br>    Defendant. | Case No. 19-cr-00419-SI-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 33 |

On May 15, 2020, the Court held a hearing on defendant John Lee's motion for compassionate release. For the reasons set forth below, the Court GRANTS the motion.

On November 6, 2019, defendant John Lee pled guilty to one count of distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) based upon a $25 drug transaction. On February 28, 2020, the Court sentenced Mr. Lee to 12 months and 1 day of imprisonment. Defendant is currently incarcerated at Santa Rita Jail, and he has not been designated to a Bureau of Prisons ("BOP") facility due to the COVID-19 pandemic. Mr. Lee has served approximately 8 months of his sentence, and his projected release date is July 25, 2020. Mr. Lee is 50 years old. On April 14, 2020, defense counsel submitted an administrative request for compassionate release or home confinement to the BOP, and as of May 14, 2020, counsel had not received a response.[1]

Defendant has filed a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act, that statute provides:

> [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30

---

[1] The government's opposition states that because defendant "is not in BOP custody, the BOP cannot evaluate him for compassionate release at this time." Opp'n at 3 (Dkt. No. 41).

> days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
>
> *Id*.

Defendant asserts that he has shown "extraordinary and compelling" reasons for compassionate release because he suffers from moderate to severe asthma[2] making him particularly vulnerable to COVID-19, which is spreading in Santa Rita Jail. Defendant states that he has had asthma since he was 12 and that he was hospitalized due to asthma when he was 16. Lee Decl. ¶ 2 (Dkt. No. 35). Mr. Lee states that he experiences wheezing every day, significant shortness of breath from time to time, and that he suffers breathing problems, shortness of breath and airway obstruction almost every night. *Id*. ¶ 3. When he arrived at Santa Rita Jail, he was allowed to use an Albuterol inhaler, which he used frequently. *Id*. ¶ 5. Mr. Lee states that a couple of weeks ago, Santa Rita Jail medical staff told him that he no longer needed the inhaler and no longer offered it to him. *Id*. Mr. Lee has requested that the inhaler be returned to him because he still needs it. *Id*.[3] Defendant is also a lifelong smoker and states he smoked approximately a pack of cigarettes a day from age 15 until he was arrested in this case, and that he has smoked narcotics throughout his life, and he says that he believes smoking has contributed to his breathing problems. *Id*. ¶ 4. Mr. Lee's wife and partner of 25 years, Latanya Hooper, has submitted a declaration attesting to his history of moderate

---

[2] Defendant cites a medical article which defines severe asthma as having "continual [daytime] symptoms, limited physical activity, frequent exacerbations," and "frequent nighttime symptoms." Gene L. Colice, M.D., *Categorizing Asthma Severity: An Overview of National Guidelines*, CLIN. MED. RES., vol. 2, issue 3: 155-63 (Aug. 2004) at Table 2, accessible *at* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC1069088.
 The CDC guidance on COVID-19 states that "[p]eople with moderate to severe asthma may be at higher risk of getting very sick from COVID-19. COVID-19 can affect your respiratory tract (nose, throat, lungs), cause an asthma attack, and possibly lead to pneumonia and acute respiratory disease." www.cdc.coronavirus/2019-ncov/need-extra-precautions/asthma.html.

[3] The Court notes that at the hearing on this matter, defense counsel represented that although defendant has made several requests for the use of an inhaler, Santa Rita Jail has informed counsel it does not have a record of those requests.

to severe asthma, and she states that the entire time she has known him he has used an inhaler and that Lee would often have asthma attacks walking up stairs or hills. Hooper Decl. ¶ 7 (Dkt. No. 36).

The government opposes Lee's motion on several grounds. The government asserts that the Court should wait for the BOP to evaluate defendant for home confinement, although the government does not state that the BOP is, in fact, evaluating defendant for home confinement. Opp'n at 3. The government also asserts that a reduction in defendant's sentence is not warranted because defendant did not submit medical records showing he has moderate to severe asthma, as opposed to mild asthma, which the government states is not a recognized COVID-19 risk factor. The government also asserts that defendant has not shown that Santa Rita Jail is unequipped to provide medical care in the event defendant becomes sick, and the government describes various steps Santa Rita has taken to address COVID-19, such as quarantine and isolation protocols.[4]

Having carefully considered the parties' papers, the Court hereby GRANTS defendant's motion for compassionate release finding extraordinary and compelling reasons warrant it. The Court finds that defendant has met his burden to show that he suffers from moderate to severe asthma through his sworn declaration as well as the sworn declaration of his wife, and the government does not dispute that moderate to severe asthma is a recognized risk factor. The Court is very troubled by the fact that defendant has not had access to his inhaler for the last several weeks. The number of confirmed COVID-19 cases at Santa Rita continues to grow, and only a small percentage of the total inmates have been tested. *See generally* Alameda County Sheriff, COVID-19 Update (May 14, 2020), accessible at https://www.alamedacountysheriff.org/admin_covid19.php. Importantly, the government does not contend that defendant is a danger to society, and the Court finds that he is not.

Accordingly, the Court modifies defendant's sentence of imprisonment to time served. The remaining portion of his original term of imprisonment shall be served as supervised release with

---

[4] In the background section of the government's opposition, the government notes that defendant's plea agreement waived his right to move for relief under section 3582. However, the government does not seek to enforce this waiver, and thus the Court does not address this issue.

the special condition that Mr. Lee be subject to home confinement, followed by the term of supervised release imposed in the original sentence. As discussed at the hearing, if residential drug treatment becomes available, every effort will be made to facilitate defendant's entry into such a program.

In addition, defendant shall be monitored until July 25, 2020, with location monitoring technology, which may include the use of radio frequency (RF) or Global Positioning System (GPS) devices, or the use of Voice Recognition or Smartlink, at the discretion of the probation officer. The defendant shall install a telephone landline at his residence if necessary. The defendant shall abide by all technology requirements and shall pay the cost of location monitoring based upon his ability to pay as directed by the probation officer. In addition to other court-imposed conditions of release, the defendant's movement in the community shall be restricted as follows: The defendant shall be restricted to his residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer.[5]

Defendant shall be released only after all release and travel plans are in place.

**IT IS SO ORDERED**.

Dated: May 15, 2020

SUSAN ILLSTON
United States District Judge

---

[5] The Court understands that Probation may prepare any additional documents that are necessary regarding the terms of defendant's home confinement.